No. 63,162

In the Matter of GARY A. SAVAIANO, *Respondent.*

(774 P.2d 982)

Opinion filed May 26, 1989.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Gary A. Savaiano, of Topeka, Kansas, an attorney admitted to the practice of law in Kansas. The facts, as determined by the hearing panel of the Kansas Board for the Discipline of Attorneys, are not disputed.

On August 8, 1986, in the United States District Court for the District of Kansas, a jury found respondent guilty of five counts of conspiracy to manufacture amphetamine, a controlled substance, and one count of attempt to manufacture amphetamine. Respondent appealed his conviction to the Tenth Circuit Court of Appeals. Pending that appeal, this court, on February 2, 1987, placed respondent on inactive status on the roll of Kansas attorneys by agreement with the disciplinary administrator. On March 30, 1988, the Tenth Circuit Court of Appeals affirmed respondent's convictions on all counts.

The respondent did cooperate fully throughout these proceedings with the disciplinary administrator's office and with local state authorities investigating the circumstances of respondent's involvement in the matter.

At the hearing before the panel of the Board for Discipline of Attorneys, the respondent maintained that his only part in this alleged conspiracy was simply an attempt to help a client to locate a chemist who could tell his client what sort of chemical could be produced by the use of a formula the client had somehow acquired. It was agreed that the respondent was to pay this chemist, once located, $1,000 for his efforts. Although respondent tried to locate a chemist for his client, respondent was unsuccessful.

Respondent further maintains in mitigation that there was no evidence that he was to profit from locating a chemist or that he

was to be involved in any way in illegal drug production. Respondent claims he is an innocent victim of the application of the Federal Drug Trafficking Act, which does not require a completed overt act for a conviction in a drug conspiracy case.

The panel found that respondent's position that there was no evidence that he was to profit from locating a chemist strains the credulity of the panel. Respondent was to pay a chemist, once located, $1,000. The published opinion of the Tenth Circuit Court of Appeals affirming respondent's conviction along with the other two coconspirators reflects a wholesale dealing in drugs and includes a wiretap recording of respondent's conversation with his coconspirator client that leaves no doubt of respondent's knowing participation in an illegal activity.

In addition, a final conviction is conclusive upon the court and this court will not look behind it or attempt to weigh the evidence. *State v. Russo*, 230 Kan. 5, 8, 630 P.2d 711 (1981). The panel further found that the respondent has violated Supreme Court Rule 225, DR 1-102(A)(3) (1988 Kan. Ct. R. Annot. 143), by engaging in illegal conduct involving moral turpitude and has violated DR 1-102(A)(6) (1988 Kan. Ct. R. Annot. 143) by engaging in conduct that adversely reflects on his fitness to practice law. The panel unanimously recommended that the respondent be disbarred.

Respondent did not file exceptions to the panel report. He did not appear before this court either in person or by counsel. After a careful review of the record before this court, we agree with and adopt the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Gary A. Savaiano be and he is hereby disbarred from the practice of law in this state, and the clerk of the appellate courts is directed to strike his name from the roll of attorneys authorized to practice law in Kansas.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Rule 218 (1988 Kan. Ct. R. Annot. 134).

IT IS FURTHER ORDERED that the costs of the proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.